RCV'D USDC - CHAS, SC
2026 MAR 23 AM9:30

<u>THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF SOUTH CAROLINA CHARLESTON DIVISION</u>    <u>Case Number</u> 2:26-cv-1243-DCN-MGB __MORRIS BEACH HUTSON, Plaintiff, v. Attorney Thomas Harper, Esq.; Attorney Charles Summerall, Esq.; Attorney Merrick Benn; Carlyle Sandridge Rice LLP; Womble Bond Dickinson; Attorney John Wilkerson, Esq.; Attorney Carlyle Richardson Cromer; Attorney Pierce Campbell, Esq.; Graham & Laney; Turner Padget Graham & Laney, P.A.; Turner Padget, Laney P.A.; Attorney Timothy J. Newton, Esq.; Attorney John M. Grantland, Esq.; Attorney J.R. Murphy, Esq.; Attorney Christian Stegmaier, Esq.; Attorney Laura Baer, Esq.; Collins & Lacy; Attorney Frank Gordon, Esq.; Attorney Todd Stewart, Esq.; Attorney John Millberg, Esq.; Millberg Gordon Stewart PLC; Attorney Paul Weissenstein, Esq.; Attorney Raymond Steven Kropski, Esq.; Earhart Overstreet, LLC; Penn America Insurance Company; Global Indemnity Group, Inc.; Attorney Laura E. Paton, Esq.; Attorney Michael Ethridge, Esq.; Attorney N. Keith "Chip" Emearlock, Copeland & Stair, LLP, Defendants.

<u>PLAINTIFF'S MOTION FOR LEAVE TO FILE AND INDEPENDENT ACTION FOR RELIEF UNDER FED. R. CIV. P. 60(b)(3), 60(d)(1), 60(d)(3)   JURY TRIAL DEMANDED PURSUANT TO FED. R. CIV. P. 38(a)</u>

<u>**INTRODUCTION**   1.  Plaintiff moves for leave to file, pursuant to Judge David Norton's August 14, 2025 prefiling order, and brings an independent action under Rules 60(b)(3), 60(d)(1), and 60(d)(3) for extrinsic fraud and fraud on the court based on attorney Defendants' knowing creation, promotion, and use of three invalid instruments—the Lease Purchase Agreement, Settlement Agreement, and Consent Order—to brand Plaintiff in "default" despite title defects that made performance legally impossible and defeated any meeting of the minds. Plaintiff seeks permission to file under the August 14, 2025 Order and asserts an independent action under Rules 60(b)(3), 60(d)(1), and 60(d)(3), alleging attorney misconduct spanning 2011–2025 that used unenforceable instruments and repeated "default" declarations while Plaintiff could not legally comply due to title defects; Plaintiff does not seek to overturn</u>

1

any underlying judgment and seeks restitution and damages for fraud against attorney Defendants and insurance Co.

## JURISDICTION, VENUE, AND COMPLIANCE WITH PREFILING ORDER

2. Jurisdiction and venue are proper in this District because a substantial portion of the events giving rise to the claim occurred in the District of South Carolina, specifically in Charleston.

Statement Regarding Diversity Jurisdiction

Jurisdiction, Venue, and Diversity. Plaintiff resides in South Carolina, and, upon information and belief, most Defendants either reside in South Carolina or are licensed to practice or conduct business there, defeating complete diversity under 28 U.S.C. § 1332 due to shared South Carolina citizenship; consequently, absent a federal question under 28 U.S.C. § 1331, subject-matter jurisdiction in federal court would be lacking. Venue is proper in the District of South Carolina, Charleston Division, because a substantial part of the events or omissions giving rise to the claims occurred in Charleston and related proceedings have been docketed in this Division. Plaintiff further acknowledges the August 14, 2025, prefiling order entered by Judge David C. Norton and submits that this filing complies with that order because it targets alleged attorney misconduct rather than re-litigating the underlying land dispute, and seeks leave as required. I

**ISSUES PRESENTED** 1. Whether Plaintiff may proceed with an independent action under Rules 60(d)(1) and 60(d)(3) alleging extrinsic fraud and fraud on the court arising from Defendants' knowing use of unenforceable instruments (concealing that

2

fact during the execution of the 3 agreements from Plaintiff). Hutson paid for a professional title search report, which shows no defects. Years later, Plaintiff discovered a hidden, unrecorded title defect that the defendants, Thomas Harper and the firm, had failed to disclose to Plaintiff. Plaintiff prays that this court will grant leave under the prefiling order. The motion frames those issues and grounds them in the alleged attorney misconduct here, thereby preventing Plaintiff's cases from being fairly heard before the courts.

## FACTUAL BACKGROUND

1. Plaintiff alleges that attorney Defendants prepared, promoted, and relied on three unenforceable instruments—the Lease Purchase Agreement, Settlement Agreement, and Consent Order—to declare Plaintiff in "default" while knowing title defects rendered performance legally impossible, Moncada v. DHI Mortgage 714 F. Supp. 3d  645 (2023). Plaintiff identifies attorney representatives of Penn America Insurance Company and Global Indemnity Group, Inc.—including Christian Stegmaier, Laura Baer, Collins & Lacy, Timothy J. Newton, John M. Grantland, and J.R. Murphy—as participating in or supporting the use of these instruments while representing Plaintiff as "in default," thus preventing Plaintiff from having his case heard and suffering harm, damages.

2. Plaintiff further identifies attorneys John Wilkerson, Carlyle Richardson Cromer, Pierce Campbell, and firms Graham & Laney and Turner Padget, among others, as declaring Plaintiff "defaulted" despite the asserted lack of mutual assent and legal impossibility of compliance, which prevented Plaintiff from closing via a concurrent closing as planned, requiring bank title.

3

Plaintiff alleges that these attorney Defendants (Timothy J. Newton, Esq.; Attorney John M. Grantland, Esq.; Attorney J.R. Murphy, Esq.; Attorney Christian Stegmaier, Esq.; Attorney Laura Baer, Esq.; Collins & Lacy;) acted to protect Penn America and Global Indemnity, creating a fraudulent screen that prevented courts from addressing extrinsic fraud in Plaintiff's favor.

3. Plaintiff alleges that additional counsel, including Laura E. Paton, Michael Ethridge, N. Keith "Chip" Emege, Carlock Copeland & Stair, LLP, Frank Gordon,, intentionally failed to disclose that the three agreements were unenforceable due to a lack of a meeting of the minds caused by hidden title defects preventing legal compliance. Laura Paton, Carlock Copeland & Stair group, and Frank Gordon & firm represented Plaintiff Hutson, none of whom exposed the extrinsic fraud to the court.

## False Default Declarations as Fraud Upon the Court

1. South Carolina courts have specifically addressed false default declarations. In Davis v. Davis, the South Carolina Supreme Court found that an attorney's representation "to the court that a party was in default when she was not" constituted "extrinsic fraud upon her and upon the court," resulting in vacatur of the prior judgment, Chewning v. Ford Motor Co., 354 S.C. 72 (2003).

2. Plaintiff asserts there are attached exhibits demonstrating that the attorney Defendants declared "default" while knowing the three instruments were invalid and unenforceable due to a prior unrecorded 80-year lease that the defendants' attorneys did not disclose, rendering compliance legally impossible and a lack of mutual assent, depriving Plaintiff of a concurrent resale of lots. Plaintiff alleges

4

non-economic and litigation-related harms over thirteen years, including extensive proceedings and document review, multiple judgments, and seeks damages while not seeking to unwind any judgments. Defendants' declarations of "default" provided all wins for lawyers.

3. Harm and Damages: Plaintiff calculates total damages of $200,000,000, including punitive damages without caps; 330,000 person-hours; $2,000,000; 13 years of senior life; $20,000,000; intentional extrinsic fraud; $30,000,000; loss of income of $5,000,000; and a balance of punitive and preventive damages to others, grand totaling $200,000,000. Estimated worth of Defendants, $2 billion.

4. Plaintiff alleges that defendant attorneys conspired to obtain a "permanent injunction" for Penn America and Global Indemnity (and themselves) to prevent Plaintiff from filing further actions in South Carolina, purportedly to conceal fraud on the courts.

## SPECIFIC ALLEGATIONS AGAINST PENN AMERICA AND GLOBAL INDEMNITY.

5. The Plaintiff alleges that attorneys for Penn America and Global Indemnity—including Christian Stegmaier, Laura Baer, Collins & Lacy, Timothy J. Newton, John M. Grantland, and J.R. Murphy—deliberately orchestrated or endorsed the use of three specific documents, fraudulently presenting them to the courts as evidence of the Plaintiff's default in order to secure judgments through extrinsic fraud. These actions were motivated by the Defendants' desire to guarantee litigation victories, financial gain, conspiracy directly harming Plaintiff Hutson. Additionally, Penn America and Global Indemnity, acting through Frank Gordon, Millberg Gordon Stewart PLC; Paton, Keith "Chip" Emearlock Copeland & Stair, LLP, Paul Weissenstein, from the courts, stated that the

5

Plaintiff's inability to comply with agreements stemmed from title defects, which prevented closing. Exhibits show there was no mention of "lack of mutual assent" as a defense to the title defects, even though the Defendant represented Hutson as a client; raising this issue would have stopped the wrongful declarations of default. LEGAL STANDARD

1.  Rule 60(b)(3) authorizes relief for fraud, misrepresentation, or misconduct by an opposing party; Rule 60(d)(1) preserves independent actions; and Rule 60(d)(3) permits setting aside judgments for fraud on the court without ordinary time limits.

2.  **Plaintiff frames his claims** as targeting litigation misconduct by adverse attorneys rather than appellate review of state-court judgments and asserts that extrinsic fraud prevented a full and fair opportunity to litigate.

3. Plaintiff alleges the three instruments were void or unenforceable for lack of mutual assent due to defendants' hidden title defects, making performance legally impossible, rendering Plaintiff unable to close with a concurrent closing planned, "default" allegations immaterial.

## ARGUMENT  Leave Should Be Granted Under the Prefiling Order

1.   This filing complies with Judge Norton's August 14, 2025, prefiling injunction because it targets attorney misconduct in preparing, supporting, and filing false "default" declarations, not the underlying land dispute with original sellers from 2011 to 2025.

2.  The Court should grant leave to file to allow adjudication of fraud-on-the-court and extrinsic fraud allegations on a targeted record, with an efficient schedule.

6

Plaintiff States a Plausible Independent Action for Extrinsic Fraud and Fraud on the Court.

1.  Over a 13-year period, the attorney Defendants deliberately employed unenforceable instruments to declare the Plaintiff in "default." They did so with full knowledge of title defects stemming from a previously undisclosed 80-year lease, which the Defendants' attorneys failed to disclose. This omission rendered compliance legally impossible, thereby undermining mutual assent and the enforceability of the contract. Attorneys Thomas Harper, Esq., Charles Summerall, Esq., Attorney Merrick Benn, and the firm Carlyle Sandridge Rice LLP, now known as Womble Bond Dickinson, were responsible for preparing the three unenforceable instruments and were aware of the 80-year hidden title defect.

2.  These allegations, if proven, constitute extrinsic fraud and fraud on the court, warranting relief under Rule 60(d), which continues.

3.  Plaintiff's position is straightforward: where title defects render performance legally impossible and destroy mutual assent, the instruments are unenforceable and cannot support a "default." As pleaded, Defendants' insistence on "default," despite the unenforceability caused by a title-based legal impossibility, constitutes actionable extrinsic fraud.

Penn America and Global Indemnity Are Responsible for Ignoring the Fraud Declaration "Default"

1.  Counsel for Penn America and Global Indemnity knowingly participated in and supported the use of the three instruments to portray the Plaintiff as "in default." This was done despite their awareness of title defects, thereby undermining mutual assent and rendering the agreements unenforceable. Furthermore,

7

PAGI provided the Plaintiff's attorneys, including Laura Paton and Frank Gordon, with full knowledge that the agreements could not be enforced, yet concealed this fact, never bringing it to the court's attention.

### Rooker–Feldman and Res Judicata Do Not Bar This Action as Framed.

**1. Rooker-Feldman and Res Judicata Do Not Bar This Action as Framed by Plaintiff. Plaintiff's independent action targets litigation misconduct by adverse attorneys and fraud on the court rather than appellate review of state judgments; Plaintiff also contends that extrinsic fraud deprived him of a full and fair opportunity to litigate, supporting an independent action despite res judicata and statute of limitations. Claims are directed at attorney misconduct and fraud on the court, not appellate review of state judgments; Plaintiff further asserts extrinsic fraud deprived him of a full and fair opportunity to litigate, supporting an independent action notwithstanding preclusion doctrines.**

2. By repeatedly pressing and referencing "default" declarations across courts while ignoring legal impossibilities related to title and unenforceability, Penn America and Global Indemnity, through their agents and counsel with support, are responsible for the false narrative of the fraud declaration "default" and its resulting harms. This is due to a prior unrecorded lease that their **defendant-attorneys failed to disclose, thereby violating Federal Rules 11 and 26.** PAGI was aware of this, rendering compliance legally impossible and undermining the lack of mutual assent and enforceability.

### Rule 11 and Rule 26 Duties Underscore the Fraud-on-the-Court Theory, also Moncada v. Mortgage Co. 714 F. (2023)

8

**1. Specifically, Rule 11 requires attorneys to certify that the document** is well-grounded in fact, warranted by existing law or a good-faith argument for the extension, modification, or reversal of existing law, and not filed for any improper purpose. F.D.I.C. v. Day, 148 F.3d. 160 (1993)[1]. This rule is central to ensuring that legal filings are **accurate and made in good faith.** AND RELIEF SOUGHT. **Defendants prevented justice and deceived all courts and judges via false declarations of "defaulted".**

**2. Attorney Thomas Harper, Esq.; Attorney Charles Summerall, Esq.; Attorney Merrick Benn; Carlyle Sandridge Rice LLP n/k/a Womble Bond Dickinson intentionally prepared or supported the three agreements, and its purpose was hidden from Plaintiff, all courts, and Honorable Judges.**

**3. While federal regulations address title defects in specific contexts, such as allowing waiver of title defects "that do not adversely affect the suitability, successful operation, security value, transferability of the facility" (C.F.R. 1942), the general contract law principle remains that material defects affecting mutual assent render agreements unenforceable.**

**4.** Plaintiff reminds the court that all defendants prepared Orders for Honorable Judges to sign, including "Plaintiff Defaulted," and the judges signed them, never realizing what they had signed. They trusted the defendant attorneys.

5. **CONCLUSION** The record alleged presents a cohesive pattern: Defendants, including counsel for Penn America and Global Indemnity, pursued and repeated a "default" narrative grounded in unenforceable instruments while ignoring the title-based legal impossibility that prevented closing and concurrent resale, Moncada v. DHI Mortgage Co.714 F. Supp. (2023) **Title defects; in specific contexts, such as allowing waiver of title defects "that do not adversely affect the suitability, successful operation, security**

9

value, transferability of the facility" (C.F.R. 1942), the general contract law principle remains that material defects affecting mutual assent render agreements unenforceable.

# RELIEF REQUESTED

a.   Grant leave to file this motion and the independent action pursuant to Judge Norton's August 14, 2025 Order, because Plaintiff relies on the three agreements Defendants created and on Defendants' intentional "default" declarations despite legal impossibility of performance. b.Authorize an independent action under Rules 60(d)(1) and 60(d)(3) on claims of extrinsic fraud and fraud on the court, with Plaintiff invoking Rules 60(b)(3), 60(d), 60(d)(3), and 60(d)(1).

c. Set an efficient schedule for Defendants' response and targeted discovery on fraud-on-the-court issues.

d. Declare the Lease Purchase Agreement, Settlement Agreement, and Consent Order void and unenforceable, **Moncada v. DHI Mortgage Co. 714 F (2023).**

e. Award punitive and actual damages consistent with Plaintiff's alleged harms and Defendants' conduct, to deter similar misconduct, without seeking to overturn underlying judgments.

f. Set accelerated deadlines for motion practice and pretrial submissions, with proposed dates to be determined, and note Plaintiff's jury demand under Rule 38(a).

g. Authorize service of process on all Defendants via email under Rule 4(f)(3) to promote efficiency, given the number of Defendants and Plaintiff's pro se status, financially.

h. Under Rule 4(c)(3), direct the U.S. Marshal to serve all Defendants without charge to Plaintiff, whose income is limited to Social Security, $2,100 monthly, and   I.  **Remove all caps regarding punitive damages.** U.S. Marshall shall serve this federal motion 8 for leave to file.. 85 F.Supp.2d 105 (2011).

Morris Beach Norton Date 18, March 2026, 1545 Biltmore St. S.C.29115

10