UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| M. B. Hutson, *a/k/a Morris Beach Hutson, a/k/a Morris Beach Hudson, a/k/a M. B. Hudson*,<br><br>Plaintiff,<br><br>v.<br><br>Attorney Thomas Harper, Esq.; Attorney Charles Summerall, Esq.; Attorney Merrick Benn; Carlyle Sandridge Rice LLP; Womble Bond Dickinson; Attorney John Wilkerson, Esq.; Attorney Carlyle Richardson Cromer; Attorney Pierce Campbell, Esq.; Graham & Laney; Turner Padget Graham & Laney, P.A.; Turner Padget, Laney, P.A.; Attorney Timothy J. Newton, Esq.; Attorney J.R. Murphy, Esq.; Attorney Christian Stegmaier, Esq.; Attorney Laura Baer, Esq.; Collins & Lacy; Attorney Frank Gordon, Esq.; Attorney Todd Stewart, Esq.; Attorney John Millberg, Esq.; Millberg Gordon Stewart PLC; Attorney Paul Weissenstein, Esq.; Attorney Raymond Steven Kropski, Esq.; Earhart Overstreet, LLC; Penn America Insurance Company; Global Indemnity Group, Inc.; Attorney Laura E. Paton, Esq.; Attorney Michael Ethridge, Esq.; Attorney N. Keith "Chip" Emearlock; Copeland & Stair, LLP,<br><br>Defendants. | C/A No. 2:26-cv-01243-DCN-MHC<br><br>**REPORT AND RECOMMENDATION** |

This is a Motion for Leave to File Pursuant to Court Order (Motion for Leave to File) filed by Plaintiff Morris Beach Hutson, also known as M. B. Hudson and M. B. Hutson. ECF No. 1.[1]

[1] In this Report and Recommendation, entries on the docket for this case are referred to as "ECF No. __" and entries on the dockets of the other cases discussed are referred to as "Doc. No.__."

Under 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), pretrial proceedings in this action have been referred to the assigned United States Magistrate Judge.

## I. BACKGROUND

On August 14, 2025, in case number 2:24-cv-04357-DCN (Case 24-4357), United States District Judge David C. Norton issued prefiling instructions imposed on Plaintiff for future new filings (the Prefiling Injunction Order). *See Hutson v. Harper*, No. 2:24-cv-4357 DCN, Doc. No. 32 at 3. The following prefiling instructions were imposed for Plaintiff's future new filings:

1. Plaintiff must obtain leave by the court by filing a motion with required attachments and pay the required filing fee in full to file any new action related to any event regarding the Land Dispute.

2. Any new complaint must include a "Motion for Leave to File Pursuant to Court Order." This motion shall not exceed ten (10) pages in length and shall be forwarded to the assigned magistrate judge for determination on whether leave to file shall be granted. The motion shall include:

   a. A copy of the district judge's Prefiling Injunction Order

   b. A statement from plaintiff that the claims and relief sough[t] are unrelated to the subject matter prohibited

   c. A short and plain statement setting forth a valid basis for the claims or relief sought

   d. A statement that the claims and relief sought either have or have not been raised before in other litigation. If they have been previously raised, plaintiff must provide the name of the case, the court where it was filed, the case number and the disposition of the claims

It was specifically noted that "Land Dispute "refers to incidents concerning the sale of 108 acres of waterfront property in Clarendon County that began in 2010. Additionally, Plaintiff was notified that "[f]ailure to with any of these requirements will be sufficient ground for the court to deny a 'Motion for Leave to File Pursuant to Court Order' submitted by plaintiff." *Hutson v. Harper*, No. 2:24-CV-4357 DCN, 2025 WL 4232967, at *1-*2 (D.S.C. Aug. 14, 2025); *see also* Case 24-4357,

Doc. No. 32.

As was discussed in a report and recommendation in Case 24-4357, Plaintiff has been involved in eleven actions that concern the Land Dispute. Case 24-4357 was his twelfth action concerning the Land Dispute. The previous Land Dispute cases include (1) an ejectment action filed against Plaintiff in Clarendon County which also involved the Settlement Agreement and Consent Order (filed in December 2011); (2) Plaintiff's Bankruptcy Court Action (January 2014); (3) the Class Action in Federal Court (April 2014) in which Plaintiff was a third party and in which he filed counter claims; (4) the Defamation Action filed against Plaintiff in Clarendon County (December 2015); (5) the Federal Court Insurance Coverage Action (June 2016); (6) the Malpractice Action filed by Plaintiff in Sumter County (September 2018); (7) the Bad Faith Action filed by Plaintiff in Richland County (December 2018); (8) the Injunction Action filed in Richland County (August 2020) in which Plaintiff filed a cross complaint; (9) the First Federal Court Fraud Action in which Plaintiff asserted fraud, extrinsic fraud, and a violation of his Seventh Amendment rights (March 2022); (10) the Second Federal Court Fraud Action in which Plaintiff alleged fraud and extrinsic fraud claims and asserted that his Fourteenth Amendment rights were violated (July 2023); (11) a state court Probate Action in which Plaintiff filed a creditor claim related to the Land Dispute (October 2023); and (12) the Third Federal Court Fraud Action in which Plaintiff asserted fraud, extrinsic fraud claims, and Fourteenth Amendment claims (Case 24-4357 filed in August 2024). *See Hutson v. Harper*, No. 2:24-CV-04357-DCN-MHC, 2025 WL 4232970, at *3-8 (D.S.C. July 23, 2025), r*eport and recommendation adopted*, No. 2:24-CV-4357 DCN, 2025 WL 4232967 (D.S.C. Aug. 14, 2025).

With his initial Motion for Leave to File,[2] Plaintiff submitted an additional 230 pages of documents. ECF No. 1-1. The attached filings include a partial copy of Judge Norton's Prefiling Injunction Order. ECF No. 1-1 at 3, 5. Plaintiff submitted documents he titled "Statement Regarding Prior Litigation and Nature of Claims" (ECF No. 1-1 at 6-7), "Short and Plain Statement of the Basis for Claims and Relief Sought" (*id.* at 8-9), and "STATEMENT FROM PLAINTIFF THAT THE CLAIMS AND RELIEF SOUGHT ARE UNRELATED TO THE SUBJECT MATTER PROHIBITED" (ECF No. 1-1 at 10-12). The attachments include copies of the "Lease Purchase Agreement (ECF No. 1-1 at 14-47), the Settlement Agreement (*id.* at 49-60, 89-98), and the Consent Order (*id.* at 62-67, 87). Other attachments include what appear to be filings from Plaintiff's prior lawsuits. Many of the pages have handwritten comments on them. *See* ECF No. 1-1.

Plaintiff filed a pleading titled "Amended Motion 8 for Leave to File" on July 30, 2026.[3] ECF No. 11. This Amended Motion (which appears to be an Amended or Supplemental Motion for Leave to File) has been filed as the Supplemental Motion for Leave to File Pursuant to Court Order (Supplemental Motion). ECF No. 1-4; *see* ECF No. 14. In his Supplemental Motion, Plaintiff states that he seeks to commence an independent action under Rules 60(b)(3), 60(d)(1), and 60(d)(3) of the Federal Rules of Civil Procedure. ECF No. 1-4 at 2.

Plaintiff argues that he:

> seeks to proceed on claims of extrinsic fraud and fraud on the court arising from Defendants' alleged use of three instruments referenced herein. Plaintiff does not seek to relitigate the merits of prior underlying judgment and confines this motion

---

[2] Plaintiff titled the Motion "PLAINTIFF'S MOTION FOR LEAVE TO FILE AND INDEPENDENT ACTION FOR RELIEF UNDER FED. R. CIV. P. 60(b)(3), 60(d)(1), 60(d)(3) JURY TRIAL DEMANDED PURSUANT TO FED. R. CIV. P. 38(a)[.]" ECF No. 1 at 1.

[3] Plaintiff's pleading titled "Motion for Leave to File Amended Version of Motion 8" (ECF No. 10), was mooted based on his filing the Amended Motion. *See* ECF No. 14.

> to procedural leave and framing of the requested independent action. Plaintiff states that he seeks permission to file pursuant to the prefiling order and that he does not seek to overturn any underlying judgment.

ECF No. 1-4 at 2. He claims that his Supplemental Motion "is directed to alleged attorney misconduct related to three instruments -the Lease Purchase Agreement, Settlement Agreement, and Consent Order—and associated 'default declarations.'" *Id.* at 2-3. Specifically, Plaintiff contends that:

> Attorney Defendants prepared, promoted, and relied on the Lease Purchase Agreement, Settlement Agreement, and Consent Order to declare Plaintiff in "default," and asserts that these actions underpin the request to proceed via independent action and fraud-on-the-court theories under Rule 60(d). Plaintiff states that he targets alleged litigation misconduct by adverse attorneys and not appellant review of state-court judgments.

ECF No. 11 at 4.

## II. DISCUSSION

It is recommended that Plaintiff's Motion for Leave to File (as supplemented) be denied for the reasons discussed below.

### A. Failure to Comply with Prefiling Injunction Order Instructions:

Plaintiff's Motion for Leave to File should be denied because it fails to comply with the Prefiling Injunction Order. Although Plaintiff paid the filing fee and submitted a Short and Plain Statement of the Basis for Claims and Relief Sought (ECF No. 1-1 at 8-9), he did comply with all the requirements.

Initially, it is noted that instead of including all required information in the maximum of ten-page motion, Plaintiff exceeded the page limit by separately filing another seven pages of statements with his ten-page initial Motion for Leave to File (which include some but not all of the required information). He also submitted an additional 200 pages of documents. *See* ECF No. 1-1. Although Plaintiff's six-page Supplemental Motion for Leave to File is shorter, he relies on

papers already filed including the seven pages of statements. *See* ECF No. 1-4.

Plaintiff submitted a statement asserting that "THAT THE CLAIMS AND RELIEF SOUGHT ARE UNRELATED TO THE SUBJECT MATTER PROHIBITED[,]" (ECF No. 1-1 at 10-12), but he makes no plausible argument that he is now asserting claims and seeking relief that unrelated to the Land Dispute. He discusses the "Four Agreements" (Lease Purchase Agreement, Membership Interest Purchase Agreement, the Settlement Agreement, and Consent Order) which are all related to the Land Dispute as discussed further below. He alleges that Defendants conceived allegations in prior actions to assert he defaulted on the Four Agreements which Plaintiff claims deprived him of an opportunity to be heard. Plaintiff contends that his new claims "do not rely upon any land dispute allegations" and instead claims that the motion is "confined to attorney misconduct, fraudulent instruments, and extrinsic fraud on the courts…" ECF No. 1-1 at 11. However, the alleged misconduct, the instruments, and other allegations all relate to the Land Dispute.

In his Statement, Plaintiff does not acknowledge that at least some of these claims have been raised before, provide the name of the case(s) where the claim(s) were raised, the court(s) where it was filed, or the case number(s) and disposition of the claim(s). *See* ECF No. 1-1 at 10-12. Instead, he attempts to assert that his new claims are "solely about the defendant attorneys knowingly preparing and plotting four agreements–the Lease Purchase Agreement, the Membership Interest Purchase Agreement, the Agreement, the Settlement Agreement, and the Consent Order–with an illegal intent, and the balance of named attorneys conspiring to support deceptive methods for personal gain, exploiting Plaintiff Hutson's lack of legal sophistication." *Id.* at 10. Once again, it is clear that this relates to the Land Dispute and Plaintiff appears to be attempting to rehash earlier fraud/extrinsic fraud arguments.

Plaintiff states in his Supplemental Motion for Leave to File that he is asserting claims and relief that are unrelated to the Land Dispute. However, he asserts that he is now making claims about "alleged attorney misconduct related to three instruments-the Lease Purchase Agreement, Settlement Agreement, and Consent Order." ECF No. 1-4 at 2-3. These three instruments all concern the Land Dispute. As noted in the First Federal Court Fraud Action filed in 2022, Plaintiff entered into a Lease Purchase Agreement with TLC Holdings, Richard U. Clark (Clark), Steven Lovell (Lovell), and James Thigpen (Thigpen) for the 108 acres of property in Clarendon County also known as Big Water Resort. He also entered into a Membership Interest Purchase Agreement to purchase the membership interest in Big Water Resort, LLC. *See MB Hutson v. Harper*, No. 2:22-00941-DCN-MHC, 2022 WL 19772549 at *1 (D.S.C. Nov. 15, 2022), *report and recommendation adopted sub no. Hutson v. Harper*, 2023 WL 3033235 (D.S.C. Apr. 21, 2023). As was noted by Judge Norton in the Class Action filed in this Court (2:14-cv-01583-DCN):

> In December 2011, TLC Holdings, LLC instituted an action against Hutson in the Court of Common Pleas for Clarendon County for "breach of the lease-purchase agreement, seeking damages and ejectment." Third-Party Pls.' Mot. Ex. 4. Hutson filed a third-party complaint against Clark, Lovell, and Thigpen. *Id.* at Ex. 5. The parties entered into a settlement agreement resolving the dispute on March 30, 2012. In this action, third-party plaintiffs allege that:
>
>> In March 2012, the parties to the lease-purchase agreement entered into a **Settlement Agreement**. The terms of the Settlement Agreement imposed many duties on [Hutson], including the duty to make certain improvements to the campground property and the duty to make certain payments to [TLC Holdings, LLC]. The Settlement Agreement was approved by consent order in April 2012.
>
> Third-Party Defs.' Answer ¶ 138; see also Ex. 6. Judge James approved the Settlement Agreement and incorporated it into a **Consent Order** in April 2012. Third-Party Pls.' Mot. Ex. 7.

*Reed v. Big Water Resort*, LLC, No. 2:14-CV-01583-DCN, 2016 WL 2935891, at *2 (D.S.C. May 20, 2016) (emphasis added); *see also Hutson v. Harper*, No. 2:24-CV-04357-DCN-MHC, 2025

WL 4232970 (D.S.C. July 23, 2025) (noting that "TLC Holdings and Hutson signed the **Settlement Agreement** on March 30, 2012, and Judge George C. James, Jr. approved the Settlement Agreement and incorporated it into a **Consent Order** on April 13, 2012.") (emphasis added), *report and recommendation adopted*, No. 2:24-CV-4357 DCN, 2025 WL 4232967 (D.S.C. Aug. 14, 2025). Plaintiff has not alleged any plausible argument that his proposed new claims and relief sought are unrelated to the subject matter prohibited (the Land Dispute).

B. Motions under Rule 60

Even if Plaintiff can show that he complied with the Prefiling Injunction Order, he has not shown that he is entitled to relief under Rule 60. As noted above, Plaintiff is requesting relief from a judgment or order under Rules 60(b)(3), 60(d)(1), and/or 60(d)(1). However, Plaintiff has not identified what judgment or order from which he seeks relief. Moreover, to the extent Plaintiff is seeking relief from any case other than Case 24-4357, a motion under Rule 60(b)(3) is untimely as it is more than a year after the entry of the judgment or order, or the date of the proceeding. *See* Fed. R. Civ. P. 60(c)(1) ("A motion under Rule 60(b) must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding.").

As to Case 24-4357, Plaintiff has not alleged facts to allow relief under Rule 60(b)(3). Rule 60(b)(3) permits a court to grant relief from judgment for "fraud ... misrepresentation, or misconduct of an opposing party." Fed. R. Civ. P. 60(b)(3). The moving party must (1) have a meritorious defense; (2) prove misconduct by clear and convincing evidence; and (3) show that the misconduct prevented the moving party from fully presenting his case. *Schultz v. Butcher*, 24 F.3d 626, 630 (4th Cir. 1994) (citing *Square Const. Co. v. Washington Metro. Area Transit Auth.*, 657 F.2d 68, 71 (4th Cir. 1981)). The purpose of Rule 60(b)(3) "is to afford parties relief from

judgments which are unfairly obtained, not those which may be factually incorrect." *Diaz v. Methodist Hosp.*, 46 F.3d 492, 496 (5th Cir. 1995) (citing *Johnson v. Offshore Exploration, Inc.*, 845 F.2d 1347, 1359 (5th Cir. 1988)); *see, e.g., Schultz*, 24 F.3d at 630-31 (remanding for new trial under 60(b)(3) where plaintiff failed to turn over pertinent document during discovery). "When a party is capable of fully and fairly presenting h[is] case notwithstanding 'fraud, misrepresentation, or other misconduct,' the trial court does not err when it denies a Rule 60(b)(3) motion." *Diaz v. Methodist Hosp.*, 46 F.3d 492, 497 (5th Cir. 1995) (citing *Rozier v. Ford Motor Co.*, 573 F.2d 1332 (5th Cir. 1978)); *accord Tunnell v. Ford Motor Co.*, 245 F. App'x 283, 288 (4th Cir. 2007). Therefore, if the movant fails to demonstrate how he was prevented from fully and fairly presenting his case by the other parties' alleged misconduct, it is unnecessary for the court to resolve whether the movant has made an adequate showing of misconduct. *Karak v. Bursaw Oil Corp.*, 288 F.3d 15, 21-22 (1st Cir. 2002).[4] Here, Plaintiff cannot demonstrate he was prevented from fully and fairly presenting his case by any alleged fraud, misconduct, or misrepresentation by the other parties to Case 24-4357 (or the Defendants named in this action), which was dismissed for lack of subject matter jurisdiction which did not involve any conduct by the other parties.

Plaintiff's request for relief under 60(d) involves a court's power to "entertain an independent action to relieve a party from a judgment, order, or proceeding[] or "set aside a judgment for fraud on the court." Fed. R. Civ. P. 60(d)(1), (3). Thus, by attempting to be relieved from an earlier judgment, order, or proceeding or to set aside a judgment, Plaintiff is asking for relief that must involve the Land Dispute. Additionally, to the extent Plaintiff is attempting to

[4] It also appears that a motion under Rule 60(b)(3) should be filed in the action in which Plaintiff seeks relief, not as an independent action. *See Raimondo v. Hood*, No. 2:17-04254-CV-C-NKL, 2018 WL 3946543, at *3 (W.D. Mo. Aug. 16, 2018) ("Rule 60(b)(3) authorizes only a motion for relief from a final judgment, not an independent action.").

allege fraud by Defendants as to the First, Second, or Third Federal Court Fraud Actions, he cannot do so as these actions were dismissed for lack of jurisdiction and the actions were never served on the defendants to those actions.

As noted above, a court may "entertain an independent action to relieve a party from a judgment, order, or proceeding." Fed. R. Civ. P. 60(d)(1). However, "[i]ndependent actions must ... be reserved for those cases of 'injustices which, in certain instances, are deemed sufficiently gross to demand a departure' from rigid adherence to the doctrine of res judicata." *United States v. Beggerly*, 524 U.S. 38, 46 (1998) (quoting *Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S. 238, 244, (1944)). An independent action under Rule 60(d)(1) requires a plaintiff to show:

> (1) that the judgment in favor of the defendant "ought not, in equity and good conscience," be enforced; (2) that he had a "good" claim; (3) that "fraud, accident, or mistake" prevented him from obtaining the benefit of his claim; (4) "the absence of fault or negligence" on his part; and (5) "the absence of any adequate remedy at law."

*Liggins v. Clarke Cty. Sch. Bd.*, No. 5:09cv77, 2014 WL 6460776, at *5-6 (W.D. Va. Nov. 17, 2014) (quoting G*reat Coastal Express, Inc. v. Int'l Bhd. of Teamsters*, 675 F.2d 1349, 1358 (4th Cir. 1982)). As the United States Supreme Court explained, the "independent action should be available only to prevent a grave miscarriage of justice." *United States v. Beggerly*, 524 U.S. at 47; *see also Daniels v. Caldwell*, No. 3:14cv856, 2015 WL 7283121 at *1 (E.D. Va. Nov. 16, 2015) (recognizing that an independent action under Rule 60(d)(1) "is available only if required to prevent a grave miscarriage of justice"). Here, Plaintiff has not alleged facts that support an independent action.

As to Rule 60(d)(3), Plaintiff has alleged no facts that would allow this Court to grant relief from a judgment or order in Case 24-4357 or any case related to the Land Dispute. A Rule 60(d)(3) motion may be granted where the movant shows that: (1) there was "an intentional plot to deceive

the judiciary;" and (2) such fraud impacts the public interest in a way that fraud between private parties does not. *Fox v. Elk Run Coal Co.*, 739 F.3d 131, 136 (4th Cir. 2014). Fraud on the court is a narrow doctrine, applying in cases such as "bribery of a judge ... or improper influence exerted on the court by an attorney." *Great Coastal Express,* 675 F.2d at 1356. "Perjury and fabricated evidence" alone are not enough to satisfy the high standard of Rule 60(d)(3). *Id.* at 1357.

Plaintiff fails to demonstrate that "the integrity of the court and its ability to function impartially is directly impinged" by the actions of the defendants in Case 24-4367 or the Defendants named in the Supplemental Motion for Leave to File. *See Great Coastal Express*, 675 F.2d at 1356. Fraud on the court has been construed narrowly and proving fraud on the court is "a high bar for any litigant." *Fox ex rel. Fox*, 739 F.3d at 137. Because the doctrine requires a level of fraud that broadly affects the greater legal system, the doctrine "cannot support allegations involving a 'routine evidentiary conflict.'" *Id.* at 136 (quoting *Cleveland Demolition Co. v. Azcon Scrap Corp.*, 827 F.2d 984, 986 (4th Cir. 1987). Plaintiff has not alleged bribery and has not alleged any facts to indicate improper influence exerted on this Court by Defendants. Plaintiff complains about the misuse of the Lease Purchase Agreement, Settlement Agreement, and Consent Order. But none of the documents were "used" in Case 24-4357 or the other First and Second Federal Court Fraud Actions because the cases were summarily dismissed and the defendants in those cases were never served. Moreover, any alleged misuse of these documents does not rise to the level of fraud upon the court as required under Rule 60(d)(3).

Plaintiff generally appears to allege that he may bring his claims because he is alleging "extrinsic fraud." This is not a new argument. As was noted in the report and recommendation in Case 24-4357, Plaintiff brought an action Richland County in December 2018 against Penn America, Global Indemnity, attorney Timothy Newton, and attorney J. R. Murphy in which he

asserted (among other things) extrinsic fraud. In the Injunction Action in Richland County, Plaintiff filed a "cross complaint" against third-party defendants Timothy Newton, Murphy Grantland Law Firm, Chirstian Stegmaier, and Collins and Lacy law firm in which he asked that an injunction not be imposed because of alleged extrinsic fraud. In his First, Second, and Third Federal Court Fraud Actions, Plaintiff claimed extrinsic fraud. *See Hutson v. Harper*, No. 2:24-CV-04357-DCN-MHC, 2025 WL 4232970, at *7-8, 9 (D.S.C. July 23, 2025), *report and recommendation adopted*, No. 2:24-CV-4357 DCN, 2025 WL 4232967 (D.S.C. Aug. 14, 2025).

C. Lack of Jurisdiction

Plaintiff appears to argue that he may now file a case in federal court because he is bringing claims based on a "new" theory based on alleged "litigation misconduct" by attorneys and their law firms.[5] *See* ECF No. 1-4 at 4. Even if Plaintiff can show that Leave to File should be granted, he provides no basis for bringing these state law claims in federal court. Nor, as discussed above, does his establish that his claims may be brought as an independent action under Rule 60. Additionally, Plaintiff's allegations of fraud and extrinsic fraud appear to be state law claims for which this Court should not exercise supplemental jurisdiction.

Federal courts are courts of limited jurisdiction, *see Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994), and a district court is charged with ensuring that all cases before it are properly subject to such jurisdiction. *In re Bulldog Trucking, Inc.*, 147 F.3d 347, 352 (4th Cir. 1998). Generally, a case can be filed in a federal district court only if there is diversity of citizenship under 28 U.S.C. § 1332, or if there is federal question jurisdiction under 28 U.S.C.

[5] It is unclear why Plaintiff names the two insurance companies if he confines his claims to alleged attorney misconduct.

§ 1331. Here, Plaintiff has not alleged diversity jurisdiction.[6]

Nor has Plaintiff alleged the violation of a federal statute or constitutional provision. He has not named any federal statute that Defendants allegedly violated. Even if Plaintiff were to amend to allege a violation of a constitutional provision, such a claim would necessarily fail because none of the named Defendants are "state actors" under 42 U.S.C. § 1983 (§ 1983). Defendants named in Plaintiff's Supplemental Motion for Leave to File are all private attorneys, law firms, and insurance companies. With few exceptions, purely private conduct, no matter how wrongful, is not actionable under 42 U.S.C. § 1983 or the United States Constitution. *See Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 936 (1983). The "under-color-of-state-law element of § 1983," like the Fourteenth Amendment's "state action" requirement, "excludes from its reach 'merely private conduct, no matter how discriminatory or wrongful.'" *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) (citation omitted); *see also Rendell-Baker v. Kohn*, 457 U.S. 830, 838 (1982) (holding that § 1983's requirement that a defendant act under "color of law" is treated as the equivalent to the Fourteenth Amendment's "state action" requirement).

Instead, Plaintiff once again appears to be attempting to allege claims for fraud which are claims under South Carolina, not federal law. There is no basis for this Court to exercise supplemental jurisdiction over these state court actions where there is no diversity jurisdiction and no federal question jurisdiction. *See* 28 U.S.C. § 1367.

[6] Moreover, there is no indication that Plaintiff can establish diversity jurisdiction. A district court may have jurisdiction of a civil action "where the matter in controversy exceeds the sum or value of $75,000...and is between – (1) citizens of different States...". 28 U.S.C. § 1332. However, Plaintiff has not alleged complete diversity of the parties. *See Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 372-374 (1978) (Complete diversity of parties means that no party on one side may be a citizen of the same State as any party on the other side).

## III. RECOMMENDATION

Based on the foregoing, it is recommended that Plaintiff's Motion for Leave to File as Supplemented (ECF No. 1) be **DENIED**, and that this action be dismissed.

**Plaintiff's attention is directed to the important notice on the following page.**

Molly H. Cherry
United States Magistrate Judge

November 4, 2026
Charleston, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).